ALEXANDER HODOWANEC v. AMERICAN
TRAILER SERVICE, INC.

207 N. W. 2d 701.

May 25, 1973—No. 43848.

*Wiese & Cox* and *Paul G. Neimann,* for appellant.

PER CURIAM.

Plaintiff obtained an order for judgment in St. Paul municipal court against defendant, his former employer, for vacation pay which he claimed defendant owed him. Defendant appeals from an order denying its motion for a new trial. We affirm.

Plaintiff based his claim for vacation pay on an alleged oral promise made by an officer of defendant upon plaintiff's immediate rather than delayed, termination of employment. Defendant does not challenge the trial court's findings, on conflicting evidence, that there was such a promise but contends that it was a wholly gratuitous and unenforceable promise unsupported by any legal consideration from plaintiff.

We decline to consider this contention. Both plaintiff and defendant appeared pro se (the latter by its president) at the trial. The record is clear that the single issue presented was whether the promise to pay vacation pay was in fact made. Defendant in no manner raised, nor even suggested, the issue of lack of consideration. Thus, neither was plaintiff afforded an opportunity to rebut this claim by showing detrimental reliance, nor was the court required to pass upon it. It is elementary that the issue cannot be raised for the first time on appeal. See, Lohman v. Edgewater Holding Co. 227 Minn. 40, 33 N. W. 2d 842 (1948). Since the evidence admittedly supports the court's finding, we are compelled to affirm.

Affirmed.